UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DEMSEY, Administrator of the Estate of Delbert Demsey, Deceased, | ) ) ) | Case No.: 1:04CV1942 |
| Plaintiff, | ) ) | Judge Ann Aldrich |
| v. | ) ) | |
| R.J. REYNOLDS TOBACCO COMPANY and JOHN DOE and/or JOHN DOE, INC., | ) ) ) | MEMORANDUM ORDER |
| Defendants. | ) | |

For the reasons that follow, the court dismisses the complaint without prejudice and specifies the conditions under which the plaintiff may reinstate it.

## I. BACKGROUND AND PROCEDURAL HISTORY

For over fifty-five years before his death in August 2002, Delbert Demsey regularly smoked Camel non-filtered tobacco cigarettes, which were manufactured, sold and/or distributed by defendant R.J. Reynolds Tobacco Company, Inc. ("RJR") during that period. The administrator of his estate, Richard Demsey ("Demsey"), alleges that smoking those cigarettes caused the decedent's chronic obstructive pulmonary disease and metastatic lung cancer and hence his death. On August 17, 2004 Demsey brought a wrongful death action under Ohio Revised Code section 2307.71 *et seq.* in Cuyahoga County Court of Common Pleas. On August 24, 2004 Demsey mailed the complaint to RJR, which received it on August 27, 2004.

RJR timely removed to this court on September 24, 2004 and moved to dismiss for failure to state a claim on October 1, 2004, serving Demsey by first-class mail sent to "Thomas Griveas, Esq., 1276 West Third Street, 700 Marion Building, Cleveland, Ohio 44113." RJR seeks dismissal under Federal Rule of Civil Procedure ("Rule") 8(a)(2) for failure to plead essential elements of his claims, and under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

## II. DISCUSSION

RJR's certificate of service recites that it mailed the motion to the name and address that is reflected in the court's docket sheet for Demsey's counsel. Accordingly, absent evidence to the contrary, the court presumes that Demsey received RJR's motion shortly after it was mailed. "The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citation omitted) (cited in *Crace v. Kentland-Elkhorn Coal Corp.*, 109 F.3d 1163, 1166 (6th Cir. 1997) (relying on sender's computer record showing that it sent item)).[1]

Under Local Civil Rule 7.1(d), Demsey had thirty calendar days to file a brief in opposition, plus three days because the motion was mailed to him. Excluding October 1, 2004 itself, Demsey's opposition

---

[1] *Accord Anderson v. TVA*, 991 F.2d 794, 1993 WL 113730, at *4 (6th Cir. Apr. 13, 1993) (same); *United States v. Redwitz*, 325 F.2d 395, 398 (6th Cir. 1964) ("there is a presumption that appellant received the letter ... a day or two after its mailing"); *Guzinski v. Hasselbach*, 920 F. Supp. 762, 769 n.7 (E.D. Mich. 1996) (presumption of receipt applies if item has not been returned to sender); *Drew v. DOC*, 297 F.3d 1278, 1302 (11th Cir. 2002) (assuming party received R&R shortly after it was filed).

brief was due on about November 5, 2004. Instead, on November 2, 2004 Demsey moved for an extension of time in which to file an opposition brief. On December 2, 2004 Demsey moved for an additional extension of time in which to file an opposition brief, an extension of time in which to conduct discovery, and time to secure new counsel. Demsey rightly pointed out that as administrator and fiduciary of the decedent's estate, he could not continue to represent the estate.

By memorandum order dated December 10, 2004 this court granted Demsey's extension motions, ordered the parties to complete fact discovery by May 16, 2005,[2] and afforded Demsey over seven months, until June 20, 2005, to file an opposition brief. Demsey did secure new counsel, but he has never filed an opposition or sought a further extension of time in which to do so.

In short, this court has been more than solicitous of Demsey. It is not efficient to keep an inactive case on the docket, nor is it fair to keep the case hanging over RJR's head because of Demsey's unexplained failure to comply with a court ordered deadline. The court's authority to grant a motion to dismiss because it is unopposed is well established, and Demsey's continuing "failure to respond" to RJR's motion could properly be treated "as a confession to" their merit. *See, e.g. Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (district court properly refused to consider evidence which opponent presented after summary judgment was granted; "[a]lthough it may seem harsh to turn a blind eye

---

[2] In December 2004 RJR moved to stay discovery pending a ruling on its motion to dismiss. The court granted that motion and stayed discovery by marginal entry order dated January 10, 2005.

to the ... belated proffer of evidence, that is the price to be paid by litigants who do not comply with the rules....").[3]

On this basis the court could dismiss *with* prejudice, but in its discretion declines to do so. *Cf. Bowles v. City of Cleveland*, 129 Fed. Appx. 239 (6th Cir. Apr. 25, 2005) (affirming dismissal of complaint without prejudice for failure to prosecute); *Daniels v. Rubin*, 188 F.3d 506, 1999 WL 701891, at *2 (6th Cir. Sept. 3, 1999) (noting that district court properly dismissed complaint without prejudice for lack of prosecution).

Instead, the court will dismiss the complaint *without* prejudice and impose conditions on Demsey's ability to reinstate. *Cf. Duffy v. Ford Motor Co.*, 218 F.3d 623, 625-26 (6th Cir. 2000) (noting that district court allowed plaintiff to voluntarily dismiss case without prejudice and conditioned refiling on payment of defendant's litigation costs); *Hill v. GMC*, 897 F.2d 529, 1990 WL 25065 (6th Cir. Mar. 8, 1990) (district court did not err in involuntarily dismissing case without prejudice for failure to prosecute and conditioning refiling on payment of adversary's fees and costs).

### III. ORDER

---

[3] *Accord Alexander v. Chicago Bd. Ed.*, 44 Fed. Appx. 4, 2002 WL 1926155 (7th Cir. Aug. 19, 2002) (district court did not abuse discretion by granting unopposed summary judgment motion); *Gregory v. U.S. Bankruptcy Court*, 24 Fed. Appx. 921, 2001 WL 1558783 (10th Cir. 2001) (district court granted unopposed SJ motion, and Circuit affirmed denial of motion for relief from judgment); *Machado v. INS*, 33 F. Supp. 2d 88 (D. Mass. 1999) (noting that district court had expressly granted government's motion to dismiss habeas petition solely on ground that motion was unopposed); *Narayan v. INS*, 105 F.3d 1335 (9th Cir. 1997) (granting unopposed motion to dismiss petition for lack of jurisdiction); *Anderson v. Petro-Hunt Corp.*, 1998 WL 23773, at *1 n.1 (E.D. La. Jan. 20, 1998) (noting earlier grant of unopposed motions to dismiss).

Accordingly, R.J. Reynolds Tobacco Company, Inc. ("RJR")'s motion to dismiss the complaint [doc. no. _4_] is granted, but the complaint is dismissed *without* prejudice.

The dismissal will automatically ripen into a dismissal *with* prejudice unless Demsey files a motion for leave to re-open the case and reinstate the complaint no later than Friday, March 31, 2006. Such leave will be conditioned upon Demsey paying RJR the reasonable attorney's fees and costs incurred by RJR in preparing and filing its notice of removal and motion to dismiss.

The court expresses no opinion as to whether Demsey's claims would be timely if reinstated.

If Demsey files a timely motion for leave to reinstate the complaint and reactivate the case, RJR will have thirty days to file an itemized list of attorney's fees and costs to be taxed against Demsey. RJR may seek reasonable fees and costs for the preparation of the fee petition itself.

IT IS SO ORDERED.

                                                           s/Ann Aldrich
                                                           ANN ALDRICH
                                                           UNITED STATES DISTRICT JUDGE

Dated:            August 10, 2005